# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| GUY M. MONTELL, | ) |
| Plaintiff, | ) Case No. 2:14-cv-00237-RFB-CWH |
| v. | ) **REPORT AND RECOMMENDATION** |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration, | ) |
| Defendant. | ) |

## **INTRODUCTION**

This case involves judicial review of an administrative action by the Commissioner of Social Security ("defendant") denying Plaintiff Guy M. Montell's ("plaintiff") application for disability insurance benefits under Title II of the Social Security Act. Before the Court is plaintiff's Motion for Reversal or Remand (doc. # 12), filed June 26, 2014, and defendant's Response and Cross-Motion to Affirm (docs. # 18, # 19),[1] filed September 30, 2014. Also before the Court are plaintiff's Replies (docs. # 20, # 21),[2] filed October 20, 2014. This action was referred to the undersigned magistrate judge for a report of findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) and Local Rule IB 1-4.

## **BACKGROUND**

In May 2010, plaintiff applied for disability insurance benefits, alleging an onset date of April 17, 2009. AR[3] 138-44. Plaintiff's claim was denied initially on September 16, 2010, and upon reconsideration on March 2, 2011. AR 89-96. A hearing was held before an Administrative Law Judge ("ALJ") on

---

[1] Defendant filed both an opposition to plaintiff's motion and a cross-motion to affirm. See Docs. # 18, # 19. This Court's review of these two documents reveals that the arguments presented are identical. Therefore, this Court refers only to defendant's cross-motion, doc. # 18, even though an identical argument is presented in defendant's opposition, doc. # 19.

[2] Because a review of plaintiff's replies (docs. # 20, # 21) reveals the arguments presented are identical, the Court refers only to doc. # 20 in this order.

[3] AR refers to the administrative record lodged with this Court. See Doc. # 11.

January 13, 2012. AR 35-84. On July 24, 2012, the ALJ issued a decision finding plaintiff was not disabled from April 17, 2009, through the date of the decision. AR 17-29. Thereafter, plaintiff submitted additional evidence, which was incorporated into the administrative record, and requested review of the ALJ's decision. AR 5, 12, 237-41. The Appeals Council denied plaintiff's request for review, rendering the ALJ's decision final.[4] AR 1-6. Plaintiff, on February 13, 2014, commenced the instant action for judicial review pursuant to 42 U.S.C. § 405(g). See Doc. # 1.

## DISCUSSION

**1.     Legal Standards**

   **a.     Judicial Standard of Review**

The court reviews administrative decisions in social security disability benefits cases under 42 U.S.C. § 405(g). Section 405(g) states that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." Akopyan v. Barnhart, 296 F.3d 852, 854 (9th Cir. 2002). The court may enter, "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." Id. The Ninth Circuit reviews de novo a decision issued by a district court in such cases. Batson v. Commissioner, 359 F.3d 1190, 1193 (9th Cir. 2003).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g); Ukolov v. Barnhart, 420 F.3d 1002 (9th Cir. 2005). However, these findings may be set aside if they are based on legal error or not supported by substantial evidence. See Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1052 (9th Cir. 2006); see also Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." See Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995); see also Bayliss v. Barnhart, 427 F.3d 1211, 1214 n. 1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, a court reviews "the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th

---

[4] The ALJ's decision becomes the final administrative decision of defendant.

Cir. 1998); see also Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996). The Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. Batson, 359 F.3d at 1193. When the evidence supports more than one rational interpretation, a court must defer to the Commissioner's interpretation. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005); see also Flaten v. Sec'y of Health and Human Serv., 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the ALJ to make specific findings so the court does not speculate as to the basis of the findings when reviewing the Commissioner's decision. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. Lewin v. Schweiker, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." Id.

**b.  Disability Evaluation Process**

An individual seeking disability benefits has the initial burden of proving disability. See Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995). An individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." See 42 U.S.C. § 423(d)(1)(A). The individual must provide "specific medical evidence" in support of the claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. Batson, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. See 20 C.F.R. §§ 404.1520 and 416.920; see also Bowen v. Yuckert, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he or she can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. See 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); see also Barnhart v. Thomas, 540 U.S. 20, 24 (2003). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity. 20 C.F.R. §§

404.1520(b) and 416.920(b). Substantial gainful activity is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. §§ 404.1572(a)-(b) and 416.972(a)-(b). If the individual is currently engaging in substantial gainful activity, then a finding of not disabled is made. If the individual is not engaging in substantial gainful activity, then the analysis proceeds to step two.

The second step addresses whether the individual has a medically determinable impairment, or combination of impairments, that is severe and significantly limits performance of basic work activities. 20 C.F.R. §§ 404.1520(c) and 416.920(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. See 20 C.F.R. §§ 404.1521 and 416.921; Social Security Rulings ("SSR") 85-28, 96-3p, and 96-4p.[5] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appedix 1. See 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement (20 C.F.R. §§ 404.1509 and 416.909), then a finding of disabled is made. 20 C.F.R. §§ 404.1520(h) and 416.920(h). If the individual's impairment, or combination of impairments, does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four, but, before moving to step four, the ALJ must first determine the individual's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e) and 416.920(e).

The RFC is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. See SSR 96-8p. In determining the RFC, an ALJ must consider all relevant evidence, including all symptoms and the extent

---

[5] An SSR constitutes the Social Security Administration's official interpretation of the statute and its regulations. See Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1224 (9th Cir. 2009); see also 20 C.F.R. § 402.35(b)(1). An SSR is entitled to some deference as long as it is consistent with the Social Security Act and regulations. Bray, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

4

to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529 and 416.929; SSR 96-4p and 96-7p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, an ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. §§ 404.1527 and 416.927, and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

At step four, the ALJ must determine whether the individual has the RFC to perform past relevant work, which means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last fifteen years or fifteen years prior to the date that disability must be established. See 20 C.F.R. §§ 404.1520(f) and 416.920(f). In addition, the work must have lasted long enough for the individual to learn the job and performed as substantial gainful activity. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), and 416.965. If the individual has the RFC to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any past relevant work or does not have any, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g) and 416.920(g). If he is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates other work exists in significant numbers in the national economy that the individual can do. Yuckert, 482 U.S. at 141-42.

**2.    The ALJ's Decision**

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. AR 19-29. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity from the alleged onset date of April 17, 2009. AR 19. At step two, the ALJ found that plaintiff had severe impairments of back and knees disorder, affective/mood disorder, and sleep apnea. Id. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or

medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 20. Under step four, the ALJ found that plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) and SSR 83-10, with the following limitations: occasionally perform postural activities, must avoid concentrated exposure to hazardous machinery, must avoid operational control of moving machinery and unprotected heights, and limited to performing simple tasks. AR 21-27. The ALJ also determined that plaintiff could not perform past relevant work. AR 27. Considering plaintiff's age, education, work experience, and RFC, under step five, the ALJ determined that plaintiff could perform jobs that exist in significant numbers in the national economy. AR 28-29. Accordingly, the ALJ concluded that plaintiff was not disabled from the alleged onset date of April 17, 2009 until the date of the decision. AR 29.

**3.    Analysis**

    **a.    Dr. Verna Fabella-Hicks's Opinion**

Plaintiff first contends the ALJ erred by according "great weight" to Dr. Verna Fabella-Hicks's ("Fabella-Hicks") opinion regarding plaintiff's mental functions, but failing to credit the limitations Fabella-Hicks assessed of plaintiff's mental functions, such that Fabella-Hicks's opinion was ultimately not granted any weight at all. See Doc. # 12 at 16-18 (citing AR 26-27). Plaintiff explains that during his mental status exam, Fabella-Hicks observed that plaintiff had: two errors in recall of five digits forward, two errors of recall of five digits in reverse, two errors in serial sevens, errors in simple arithmetic while repeatedly claiming to be "good with numbers," errors in alphanumeric counting, negative self-commentary such as "you're an idiot," apparent frustration in not performing as expected, marginal short-term memory, poor delayed memory, below average immediate memory, and marginal abstract reasoning. Id. at 17 (citing AR 306-08). According to plaintiff, these observations are Fabella-Hicks's "endorsed limitations" of plaintiff's mental functions and, in light of these limitations, the ALJ erred by finding that plaintiff could perform "simple, unskilled work on a sustained, full-time basis." Id. at 17-18.

Defendant, in opposition, argues that despite Fabella-Hicks's observations during plaintiff's mental status exam, Fabella-Hicks concluded that plaintiff could perform simple tasks or "higher," including tasks requiring the ability to comprehend, retain, and carry out an extensive variety of complex and detailed instructions, which is also supported by objective medical evidence. See Doc. # 18 at 6 (citing AR 26, 308). Nevertheless, per defendant, the ALJ decided to limit plaintiff to simple tasks, giving plaintiff the

benefit of the doubt for his "partially credible subjective complaints." Id. (citing AR 26). Indeed, defendant argues that simple tasks are a "low requirement and an RFC finding of simple tasks is consistent with findings that [p]laintiff had moderate limitations with persistence, pace, and concentration." Id. at 7 (citing Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1174-76 (9th Cir. 2008)). Defendant adds that while Fabella-Hicks opined that plaintiff might have difficulty with consistent and sustained performance, defendant points out the ALJ balanced this opinion with Fabella-Hicks's other opinion that plaintiff could perform more complex tasks, thereby rendering the RFC finding of simple tasks consistent with Fabella-Hicks's overall opinion. Id. at 7 (citing AR 308). Nevertheless, per defendant, the ALJ would still have determined plaintiff was not disabled because of the vocational expert's opinion that plaintiff could perform various jobs involving simple tasks. Id. at 6-7 (citing AR 74, 77). Defendant therefore concludes that plaintiff could work but simply refused to do so after he was laid off. Id. (citing AR 22, 46).

In reply, plaintiff restates his earlier assertions. Doc. # 20 at 3-4. Plaintiff also contends his inability to sustain performance of simple tasks is a "significant work restriction" that must be addressed by a vocational expert, which failed to occur in the instant case. Id. at 3. Plaintiff further contends that defendant erroneously cites to Stubbs-Danielson because the ALJ in the instant case, unlike in Stubbs-Danielson, was not presented with two medical opinions that conflicted "as to the issue of the sustainability of simple tasks" but only had Fabella-Hicks's opinion. Id. at 3. Plaintiff therefore concludes the ALJ erred.[6] Id. at 5.

This Court disagrees with plaintiff. While Fabella-Hicks opined that plaintiff might have difficulty with consistent and sustained performance, this Court's review of the record reveals that Fabella-Hicks also concluded that plaintiff could perform simple and complex tasks, with this conclusion further supported by objective medical evidence. This Court's review of the record also reveals the ALJ correctly considered Fabella-Hicks's opinion, the objective medical evidence on record, and various other medical opinions, including the state agency physicians' opinions that plaintiff's mental impairments were not severe and caused no more than mild limitations, and Dr. Richard Yao's ("Yao") opinion that plaintiff had

---

[6] In his reply, plaintiff also asks the Court to accept his version of "testimonial[s] and medical records summaries," which he presents in his motion, doc. # 12. See Doc. # 20 at 2. This Court finds it appropriate to review and rely on the medical records, physician reports, and other related materials included in the administrative record lodged with this Court. As such, the Court **denies** plaintiff's request.

7

only mild limitations in functioning and was likely malingering and exaggerating his symptoms during psychological testing. Ultimately, the ALJ balanced the evidence before him by placing less weight on certain medical opinions, accounting for the objective medical evidence, and giving "generous consideration" to plaintiff's "subjective complaints" that were "only partially credible." AR 26-27.

Meanwhile, plaintiff disputes defendant's reliance on Stubbs-Danielson by claiming that the ALJ there was considering two conflicting opinions while the ALJ in this case only had to consider Fabella-Hicks's opinion. However, this distinction is unavailing and unhelpful to this Court's analysis. Plaintiff further contends the ALJ erred by failing to consult a vocational expert for his purportedly "significant work restrictions." Plaintiff appears to be implying that the ALJ was required to engage a vocational expert for this purpose, yet plaintiff fails to cite any authority or to provide a viable basis for his assertion. As such, the Court finds that the ALJ carefully reviewed and weighed all relevant medical opinions, regulations and guidelines, along with plaintiff's subjective complaints, in finding that plaintiff could perform simple tasks. Accordingly, the Court concludes that the ALJ's decision as to this issue is free from legal error.

### b. Side Effects of Medication

Plaintiff also contends the ALJ failed to consider the side effects of his prescribed medications. See Doc. # 12 at 18. According to plaintiff, while he admitted that he experienced no side effects from his pain medications, the medical evidence of record and drug monographs suggest that his memory and attention deficits, along with his insomnia and respiratory distress while sleeping, "stem in large part from the side effects of his medications." Id. Specifically, plaintiff points to Dr. Edgar B. Evangelista's ("Evangelista") observation that plaintiff was suffering from multi-factorial memory loss and, following a sleep study, Evangelista observed that plaintiff suffered from "significant sleep apnea consistent with severe central sleep apnea likely related to his opiate medications" and even encouraged plaintiff to "wean off the opiate medications due to the presence of central sleep apnea." Id. at 19 (citing AR 421-22). Moreover, plaintiff points to drug monographs of MS Contin and Roxicodone, which purportedly describe many of plaintiff's symptoms, including his insomnia, daytime somnolence, memory loss, anxiety, and sleep apnea. Id. As such, plaintiff concludes the instant case should be reversed and remanded for calculation of benefits, or remanded for a new hearing. Id. at 20.

In response, defendant argues that just because medications could have side effects does not mean a user actually experiences those side effects, which is why the ALJ asked plaintiff about his own experience. See Doc. # 18 at 9. Defendant then points out that plaintiff has the burden of proving a medication's side effect was disabling, yet plaintiff himself admitted he had no side effects from his medications, with plaintiff's own attorney choosing not to pursue this issue at the hearing before the ALJ. Id. at 8 (citing, among others, AR 47, 60-75; Miller v. Heckler, 770 F.2d 845, 849 (9th Cir. 1985)). Defendant also points out that plaintiff fails to cite any medical evidence on the record showing he complained of any side effects. Id. at 10. Instead, per defendant, plaintiff simply turns to "passing mentions" of purported side effects, which is insufficient absent evidence of any side effects "severe enough to interfere with [p]laintiff's ability to work." Id. (citing AR 419, 421-23, 429; Osenbrock v. Apfel, 240 F.3d 1157, 1164 (9th Cir. 2001)). Defendant adds that while plaintiff turns to Evangelista's statements, these statements are unhelpful because they "do not definitively state that [p]laintiff's medications actually caused side effects that would affect his ability to work," and when viewed with Evangelista's statement that plaintiff's "[a]ttention and concentration is intact," along with Dr. Edmund R. Pasimio's ("Pasimio") report stating that plaintiff suffered no side effects for any medications, further supports the ALJ's finding that plaintiff did not suffer any disabling side effects. Id. at 10-11 (citing AR 616). Given such, per defendant, the ALJ was not obligated to consider the issue further. Id. at 8, 11 (citing, among others, Hopkins v. Astrue, 227 Fed. App'x. 656, 657 (9th Cir. 2007)). Nevertheless, per defendant, the ALJ further reviewed the issue and concluded that evidence in the record supported the ALJ's finding based on: plaintiff's ability to engage in somewhat normal daily activities and interactions, his routine and conservative treatment since the alleged onset date, his improved condition following treatment, his loss of work resulting from termination, and failure of the medical evidence on record to corroborate plaintiff's claims. Id. at 11-12 (citing AR 22-24, 26, 47-48). Defendant therefore concludes the ALJ did not err. Id. at 12.

In reply, plaintiff restates his earlier assertions. See Doc. # 20 at 4-5. Plaintiff also contends he is not required to establish a causal relation between his medication and side effects with "unimpeachable scientific certainty." Id. at 4. Plaintiff adds that the ALJ is not free to disregard Evangelista's statements without providing a legally sufficient rationale, which the ALJ purportedly failed to do here. Id.

This Court again disagrees with plaintiff. The Court finds that the ALJ properly relied on plaintiff's testimony that he suffered no side effects from his medications because not all users experience such side effects, nothing in the record indicates that plaintiff complained of any side effects, and plaintiff's own attorney chose not to pursue the issue at the hearing before the ALJ. While plaintiff now points to Evangelista's report and asserts that he is not required to establish a causal relation between his medication and side effects with "unimpeachable scientific certainty," plaintiff <u>is</u> required to establish that he is suffering <u>disabling</u> side effects, with Evangelista's report failing in this regard. Significantly, while plaintiff focuses only on Evangelista's opinion that plaintiff suffers from "significant sleep apnea... likely related to his opiate medications," along with Evangelista's recommendation for plaintiff to "wean off the opiate medications," plaintiff completely disregards Evangelista's finding that plaintiff's "[a]ttention and concentration is intact [and his] [a]ffect is appropriate." Moreover, Pasimio's report, which states that plaintiff suffered no side effects for any medications and none of plaintiff's medications were ever substituted to relieve side effects, further weakens plaintiff's position and supports the conclusion that plaintiff is not suffering a disabling side effect. The Court also finds that the ALJ properly addressed the issue by considering the reason for plaintiff's loss of work, plaintiff's self-reported daily activities and interactions, the type of treatment plaintiff received, the adequacy and effect of plaintiff's treatment, and evidence on the record. As such, the Court concludes that the ALJ committed no error.

## **CONCLUSION AND RECOMMENDATION**

Accordingly, **IT IS HEREBY RECOMMENDED** that plaintiff's Motion for Reversal or Remand (doc. # 12) be **denied**.

**IT IS FURTHER RECOMMENDED** that defendant's Cross-Motion to Affirm (doc. # 18) be **granted**.

## **NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The U.S. Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. <u>Thomas v. Arn</u>, 474 U.S. 140, 142 (1985). This circuit has also held that failure to file objections within the specified time, and failure to properly address and brief the objectionable

issues, waives the right to appeal the district court's order and/or appeal factual issues from the order. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991); Britt v. Simi Valley United Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983).

DATED: February 13, 2015

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**